UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRANCE JOE QUINLAN,<br><br>     Plaintiff,<br><br> v.<br><br>KING COUNTY, et al.,<br><br>     Defendants. | Case No. C22-01718-TL-SKV<br><br>REPORT AND RECOMMENDATION |

Plaintiff is a state prisoner who has filed a proposed 42 U.S.C. § 1983 complaint and a motion to proceed *in forma pauperis* ("IFP"). Dkt. 10. The Court concludes Plaintiff has incurred at least three "strikes" under 28 U.S.C. § 1915(g) and has failed to show he is under imminent danger of serious physical injury. Accordingly, the Court recommends that Plaintiff's application to proceed IFP, Dkt. 10, be denied, and that Plaintiff be directed to pay the filing fee within 30 days of the order adopting this Report and Recommendation. The Court further recommends this matter be dismissed without prejudice if Plaintiff fails to pay the filing fee.

BACKGROUND

Plaintiff, a prisoner confined at the Washington State Penitentiary ("WSP"), filed a proposed complaint and IFP application alleging claims against King County, the King County

REPORT AND RECOMMENDATION - 1

Sheriff's Office, and three King County detectives. Dkt. 10-1. Plaintiff appears to allege Defendants violated his rights under the Fourteenth Amendment by arresting him pursuant to RCW 69.50.401, which he claims is unconstitutional. *Id.* at 4-5. Plaintiff states RCW 69.50.401 is unconstitutional because it "criminalizes unintentional, unknowing possession of controlled substances." *Id.* at 5. Plaintiff appears to further allege Defendants violated his rights under the Fourth Amendment by assaulting and "stomp[ing]" on his "head and ear" and by tasering him repeatedly, leading to his hospitalization. *Id.* at 6-7. Plaintiff states the assault he sustained at the time of his arrest "caused serious physical damage, including flesh scars." *Id.* at 6. Finally, Plaintiff appears to additionally allege Defendants violated his Fourth Amendment rights by "fail[ing] to train their officers how to protect" the constitutional rights of citizens. *Id.* at 47-8.

## DISCUSSION

Pursuant to the Prison Litigation Reform Act ("PLRA"), "prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule." *Andrews v. Cervantes*, 493 F.3d 1047, 1051–52 (9th Cir. 2007). The "three-strikes rule" contained in the PLRA states:

> [i]n no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Court's records show Plaintiff has filed numerous lawsuits. At least three of those prior matters, which were filed while Plaintiff was incarcerated, have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. The Court finds the following prior dismissals constitute "strikes" pursuant to Section 1915(g):

- *Quinlan v. Maleng, et al.*, No. C21-1146-RSL, Dkts. 10, 11, 12 (case dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and for frivolity; court found the dismissal counted as a strike under Section § 1915(g));

- *Quinlan v. DOC*, No. C22-0075-BJR, Dkts. 10, 12, 13 (case dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim; court found the dismissal counted as a strike under Section § 1915(g));

- *Quinlan v. King County*, No. C22-0902-RAJ, Dkts. 15, 16, 17 (case dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim).

Because he has incurred three "strikes," Plaintiff is barred from proceeding IFP unless he shows he was "under imminent danger of serious physical injury," at the time he signed his civil rights complaint. *See* 28 U.S.C. § 1915(g).

Plaintiff fails to make the required showing. Plaintiff's claims arise from his arrest, which was apparently in 2002, and he does not allege to be in any "imminent danger" now. *See* Dkt. 10-1. Plaintiff is therefore ineligible to file this lawsuit in federal court without paying $402.00 ($350.00 filing fee plus $52.00 administrative fee). *See* 28 U.S.C. § 1915(g).

## CONCLUSION

The Court recommends Plaintiff's IFP application, Dkt. 10, be **DENIED** based on the three-strikes rule of 28 U.S.C. § 1915(g). The Court further recommends Plaintiff be required, within 30 days of issuance of the order adopting this Report and Recommendation, to pay the $402.00 filing fee in order to proceed with his complaint, and that this case be dismissed without prejudice if he fails to do so. A proposed order accompanies this Report and Recommendation.

///

///

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 13, 2023**.

Dated this 22nd day of December, 2022.

*Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge