UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRANCE JOE QUINLAN,<br><br>  Plaintiff(s),<br>v.<br><br>KING COUNTY et al,<br><br>  Defendant(s). | CASE NO. 2:22-cv-01718-TL-SKV<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

Plaintiff filed a civil rights action under 42 U.S.C. § 1983 against Defendants relating to his arrest in December 2002. This matter comes before the Court on the Report and Recommendation of the Honorable S. Kate Vaughan, United States Magistrate Judge (Dkt. No. 12), and Plaintiff Terrance Joe Quinlan's objections to the Report and Recommendation (Dkt. No. 13). Having reviewed the Report and Recommendation, Plaintiff's objections, and the remaining record, the Court ADOPTS the Report and Recommendation and OVERRULES the objections.

ORDER ADOPTING REPORT AND
RECOMMENDATION - 1

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2).

Mr. Quinlan objects to the Report and Recommendation because he believes he only has two previous strikes under 28 U.S.C. § 1915(g). In particular, he believes that the order in *Quinlan v. King County*, No. C22-0902-RAJ (W.D. Wash. Nov. 3, 2022) ("the King County Case"), which dismissed his case for failure to state a claim, does not count as a strike because "[t]he court did not rule a strike in [the King County Case]." Dkt. No. 13 at 1. The King County Case dismissed Mr. Quinlan's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) but did not explicitly identify it as a strike under 28 U.S.C. § 1915(g). *See King Cnty.*, No. C22-0902-RAJ. slip op. at 1. In comparison, the orders of dismissal in Mr. Quinlan's other two cases did explicitly state that the dismissal counted as a strike. *See Quinlan v. Dep't of Corr.*, No. C22-75-BJR, slip op. at 1 (W.D. Wash. June 9, 2022); *Quinlan v. Maleng*, No. C21-1146-RSL, slip op. at 1 (W.D. Wash. Dec. 22, 2021).

As the Supreme Court has pointed out, analysis of this issue "begins, and pretty much ends, with the text of Section 1915(g)." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724 (2020). The statute states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or

ORDER ADOPTING REPORT AND
RECOMMENDATION - 2

> detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or *fails to state a claim upon which relief may be granted*, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added).

In the King County Case, the Magistrate Judge "recommend[ed] that "[Mr. Quinlan's] complaint and this action be dismissed without prejudice, under 28 U.S.C. § 1915(e)(2)(B), for failure to state a cognizable claim for relief." *King Cnty.*, No. C22-0902-RAJ, Dkt. No. 15. The District Judge adopted the recommendation by the Magistrate Judge and dismissed Mr. Quinlan's King County Case complaint without prejudice. *Id.*, Dkt. No. 16. Mr. Quinlan correctly notes that the District Court Judge was silent on whether the dismissal counted as a strike. But there is nothing in the statute that gives a court discretion whether to count a § 1915 dismissal as a strike. Whether a dismissal counts as a strike "hinges exclusively" on the language of the statute and, in particular, the basis for dismissal. *Lomax*, 140 S. Ct. at 1724–25. Further, "[a] dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice." *Id.* at 1727. Therefore, because the King County Case was dismissed for failure to state a claim, this Court has no choice under *Lomax* but to interpret the dismissal in the King County Case as a strike. 140 S. Ct. 1727. Accordingly, Magistrate Judge Vaughan was correct in counting the King County Case as a third strike, which triggers the three-strikes rule of 28 U.S.C. § 1915(g).

For the foregoing reasons, the Court hereby ORDERS:

(1)   The Report and Recommendation is APPROVED and ADOPTED.

(2)   The Clerk is DIRECTED to close this case and to dismiss it without prejudice if Plaintiff fails to pay the filing fee within 30 days of this Order.

(3)    The Clerk is DIRECTED to send copies of this Order to the Parties and Judge Vaughan.

Dated this 19th day of January 2023.

*[signature]*

Tana Lin
United States District Judge